## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BIRDEE HUFF,        ) | |
|          ) | |
|        Plaintiff,      ) | |
|          )     **Case No.** | |
|     vs.          ) | |
|          ) | |
| THE MISSOURI GAMING COMPANY, LLC   ) | |
| d/b/a Argosy Casino and Spa     ) | |
| 777 N.W. Argosy Parkway     ) | |
| Riverside, Missouri 64118     ) | |
|     Please Serve:     ) | |
|     CT Corporation System     ) | |
|     120 South Central Avenue     ) | |
|     Clayton, Missouri 63105     ) | |
|          ) | |
|       Defendant.     ) | |

## COMPLAINT

Birdee Huff ("Ms. Huff"), by and through her undersigned attorneys, brings these causes of action against Defendant The Missouri Gaming Company, LLC d/b/a Argosy Casino and Spa("Defendant Argosy Casino") for appropriate legal and equitable relief for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq. ("Title VII") and for disability discrimination and retaliation under the Americans' With Disability Act of 1990, as amended, 42 U.S.C. §12101, et seq. ("ADA").  In support of her claims, she states, alleges and avers as follows:

### THE PARTIES

1.      These causes of actions are for legal and equitable relief.

2.      Plaintiff is a resident of Clay County, Missouri, residing at 7432 N. Liberty Street, Kansas City, Missouri.

3.　Plaintiff was an employee of the Defendant Argosy Casino at all relevant times.

4.　Upon information and belief, Defendant Argosy Casino is a limited liability company organized and existing in accordance with the laws of the State of Missouri.

5.　Upon information and belief, Defendant Argosy Casino is authorized to do business in the State of Missouri and can be served through its resident agent located in Clayton, Missouri.

6.　Defendant Argosy Casino is an employer within the meaning of the Title VII.

7.　Defendant Argosy Casino is an employer within the meaning of the ADA.

## JURISDICTION AND VENUE

8.　This Court has jurisdiction of the Title VII cause of action pursuant to the provisions of 42 U.S.C. §2000(e), et seq. and 28 U.S.C. §§ 1331, 1332 and 1343

9.　This Court has jurisdiction of the ADA cause of action pursuant to the provisions of 42 U.S.C. §12101, et seq. and 28 U.S.C. §§ 1331, 1332 and 1343.

10.　The unlawful employment practices alleged in this complaint were, in part, committed within this judicial district.

11.　Venue is proper within this Court pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.　On July 31, 2019, Ms. Huff filed a formal EEOC Charge of Discrimination alleging race and disability discrimination and retaliation under Title VII and the ADA.  See, Charge of Discrimination attached as Exhibit "A".

13.　Ms. Huff filed her charge within 300 days of her termination.

14.     By letter dated October 25, 2019, the Equal Employment Opportunity Commission, acting through its St. Louis Regional Office, issued its investigatory conclusion and Notice of Suit Rights.  A copy of that decision and Notice of Suit Rights is attached hereto as Exhibit "B".

15.     This cause of action was filed within 90 days of the receipt of the Notice of Suit Rights.

16.     All conditions precedent were met prior to filing this Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

17.     Ms. Huff began her employment with Argosy in 2005.

18.     Ms. Huff was hired as a security officer.

19.     In 2011, Ms. Huff was promoted to the position of Security Shift Manager.

20.     In her position she was responsible for supervising security personnel on the day shift for Defendant Argosy Casino.

21.     Ms. Huff was the only female and only African American in that position.

22.     The remaining Security Managers was Caucasian Men.

23.     From 2005 until January 2018, Ms. Huff worked the day shift.

24.     Ms. Huff performed her job duties at a satisfactory level.

25.     In December 2018, an employee disclosed to Ms. Huff that a Security Shift Manager, Mike Raccuia permitted minors to be served alcohol and others were permitted to bring alcohol into Defendant Argosy Casino's property after hours.

26.     Ms. Huff attempted to report the violations of the Missouri State liquor and gaming laws to her supervisor, Director of Security, George Barrios.

3

27.     Mr. Barrios told Ms. Huff that Mr. Barrios was already aware of the allegation and that Mr. Barrios did not need to meet with the employee.

28.     The next week after reporting the violations of the state liquor and gaming laws to Ms. Huff, who reported it to the Director of Security, the employee who originally reported the violation was written up by Security Shift Manager Mike Raccuia.

29.     The employee tape recorded Mr. Raccuia's recorded his conversation with Mr. Raccuia.

30.     The employee sent the recorded conversation to Ms. Huff who reported to Human Resources that Ms. Huff had received a copy of the recording.

31.     Human Resources for Defendant Argosy Casino instructed Ms. No to open the recording.

32.     In January 2019, Ms. Huff was removed from the day shift and placed on the night shift.

33.     Ms. Huff made her supervisor Mr. Barrios and Defendant Argosy Casino's Human Resources department aware of the fact that Ms. Huff suffers from a respiratory condition that is exacerbated by smoke.

34.     Ms. Huff informed Mr. Barrios and Defendant Argosy Casino's Human Resources department that the night shift was problematic for her because of the significant increase in smoking within the casino during that shift.

35.     Ms. Huff requested to return to the day shift where she had worked for thirteen years.

36.     Mr. Barrios and Defendant Argosy Casino denied Ms. Huff's request for the accommodation to return to the day shift.

4

37.     On January 15, 2019, Ms. Huff complained to Defendant Argosy Casino's Human Resources that an employee, Jerry Gaines, was making racially insensitive comments at the workplace.

38.     In particular, Mr. Gaines said, in front of a number of employees, that Mr. Gaines enjoyed "eating cotton picker sandwiches."

39.     Mr. Gaines also stated that Ms. Huff "was only promoted due to affirmative action."

40.     Further, it has been reported to Ms. Huff that Mr. Gaines treated African American customers poorly.

41.     In another example of racially insensitive statements at the workplace it was reported that an employee commented that the shift was so busy "because all the colored people are off."

42.     On January 17, 2019 Ms. Huff was involved in a motor vehicle accident on the way to work disabling her vehicle.

43.     Ms. Huff called Mr. Raccuia and reported that she had been involved in a motor vehicle accident and would not be at work that evening.

44.     Ms. Huff informed Mr. Barrios that she would not be at work on January 17th.

45.     On January 18, 2019 Ms. Huff returned to work.

46.     No mention was made to Ms. Huff regarding her being absent other than she "needed to make things right with her co-worker managers."

47.     On February 1, 2019, upon Ms. Huff arriving for work, she was met by Mr. Barrios and a member of Defendant Argosy Casino's Human Resources department.

5

48.     Ms. Huff was informed by Mr. Barrios and Defendant Argosy Casino that Ms. Huff was being terminated.

49.     Within weeks of Ms. Huff reporting the racist work environment to Defendant Argosy Casino she was terminated.

50.     Within days of Ms. Huff requesting a reasonable accommodation for her disabling condition she was terminated.

51.     Within weeks of Ms. Huff reporting violations of State liquor laws, she was terminated.

## COUNT I
### (Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)

### Disability Discrimination in Violation of The Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq.

Ms. Huff for Count I of her Complaint against The Missouri Gaming Company, LLC for Disability Discrimination under The Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq., as amended, states as follows:

52.     Ms. Huff hereby reiterates and incorporates by reference, as if fully set forth in this Count I, each allegation contained in paragraphs 1 through 51 hereof.

53.     Ms. Huff is a person with a disability which affects a major life activity, breathing, as defined by the ADA.

54.     Defendant Argosy Casino is an employer under the ADA.

55.     Ms. Huff was capable of performing the essential functions of her job with a workplace accommodation of working on the day shift which exposed her to less smoke on the casino floor.

6

56.     Defendant Argosy Casino failed and refused to give Ms. Huff the reasonable accommodation of a return to the day shift despite Ms. Huff requesting such an accommodation.

57.     Defendant Argosy Casino terminated Ms. Huff within four weeks of her request for an accommodation.

58.     Ms. Huff's request to return to the day shift would not have placed an undue burden upon her colleagues or Defendant Argosy Casino.

59.     As a direct and proximate cause of Defendant Argosy Casino's actions, Ms. Huff has incurred and continues to incur, the following damages:

    a.      lost wages and compensation including fringe benefits and retirement pay;

    b.      lost future wages and benefits;

    c.      mental and physical pain, anguish and distress; and

    d.      damage to Ms. Huff's professional stature and reputation.

60.     Ms. Huff's direct monetary damages and compensatory damages under the ADA are expected to exceed $75,000.00 plus mental anguish.

61.     Defendant Argosy Casino's actions were intentional and willful or were taken with conscious disregard to the rights of Ms. Huff and as such constitute willful violations of the ADA.

62.     Ms. Huff is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count I of her Complaint, Ms. Huff prays for judgment against Defendant The Missouri Gaming Company, LLC as follows:

7

(a)     that this Court adjudge and decree that Defendant The Missouri Gaming Company, LCC has discriminated against Ms. Huff by terminating her as well as failing to provide her a reasonable accommodation in violation of ADA;

(b)     order Defendant The Missouri Gaming Company, LCC to make Ms. Huff whole for her loss of income she has suffered as a result of Defendant The Missouri Gaming Company, LCC's unlawful employment practice, including but not limited to, (i) wage increases that would have been paid to Ms. Huff; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. Huff been promoted and/or maintained her employment with Defendant The Missouri Gaming Company, LCC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c)     order Defendant The Missouri Gaming Company, LCC to reinstate Ms. Huff immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. Huff's employment tenure;

(d)     grant Ms. Huff a permanent injunction enjoining Defendant The Missouri Gaming Company, LCC from discriminating against her based on her disability or retaliating against Ms. Huff and from further violating Ms. Huff's rights;

(e)     award Ms. Huff compensatory damages up to $300,000 for the willful violations of the ADA;

(f)     award Ms. Huff damages for the mental anguish, pain and suffering incurred by her due to the actions of Defendant The Missouri Gaming Company, LCC in such amounts that are deemed fair and reasonable;

8

(g)     order Defendant The Missouri Gaming Company, LLC compensate Ms. Huff for the damage to her professional stature and reputation resulting from Defendant The Missouri Gaming Company, LCC's unlawful employment practices;

(h)     allow Ms. Huff her costs herein, including reasonable attorneys' fees; and,

(i)     grant such additional affirmative relief as this Court deems just and proper.

## COUNT II
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Retaliation in Violation of The Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq.**

Ms. Huff for Count II of her Complaint against The Missouri Gaming Company, LCC for Retaliation under The Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq., as amended, states as follows:

63.     Ms. Huff hereby reiterates and incorporates by reference, as if fully set forth in this Count I, each allegation contained in paragraphs 1 through 62 hereof.

64.     Ms. Huff is a person with a disability as defined by the ADA.

65.     Defendant Argosy Casino is an employer under the ADA.

66.     Ms. Huff requested a reasonable accommodation under the ADA

67.     Ms. Huff complained that she had been subjected to harassment and retaliation because she sought accommodations for her disability.

68.     After requesting accommodations and engaging in the protected activity set forth in paragraph 67, Ms. Huff was retaliated against in the terms and conditions of her employment by Defendant Argosy Casino in that she was subjected to an overtly hostile work environment and was terminated.

9

69. The actions taken by Defendant Argosy Casino were based upon Ms. Huff requesting accommodations and engaging in the protected activity.

70. The actions taken by Defendant Argosy Casino affected the terms, conditions and privileges of Ms. Huff's employment.

71. Defendant Argosy Casino terminated Ms. Huff.

72. As a direct and proximate cause of Defendant Argosy Casino's actions, Ms. Huff has incurred and continues to incur, the following damages:

    a.    lost wages and compensation including fringe benefits and retirement pay;

    b.    lost future wages and benefits;

    c.    mental and physical pain, anguish and distress; and

    d.    damage to Ms. Huff's professional stature and reputation.

73. Ms. Huff's direct monetary damages and compensatory damages under the ADA are expected to exceed $75,000.00 plus mental anguish.

74. Defendant Argosy Casino's actions were intentional and willful or were taken with conscious disregard to the rights of Ms. Huff and as such constitute willful violations of the ADA.

75. Ms. Huff is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count II of her Complaint, Ms. Huff prays for judgment against Defendant The Missouri Gaming Company, LCC as follows:

(a)     that this Court adjudge and decree that Defendant The Missouri Gaming Company, LCC has discriminated against Ms. Huff by terminating her as well as failing to provide her a reasonable accommodation in violation of ADA;

(b)     order Defendant The Missouri Gaming Company, LCC to make Ms. Huff whole for her loss of income she has suffered as a result of Defendant The Missouri Gaming Company, LCC's unlawful employment practice, including but not limited to, (i) wage increases that would have been paid to Ms. Huff; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. Huff been promoted and/or maintained her employment with Defendant The Missouri Gaming Company, LCC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c)     order Defendant The Missouri Gaming Company, LCC to reinstate Ms. Huff immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. Huff's employment tenure;

(d)     grant Ms. Huff a permanent injunction enjoining Defendant The Missouri Gaming Company, LCC from discriminating against her based on her disability or retaliating against Ms. Huff and from further violating Ms. Huff's rights;

(e)     award Ms. Huff compensatory damages up to $300,000 for the willful violations of the ADA;

(f)     award Ms. Huff damages for the mental anguish, pain and suffering incurred by her due to the actions of Defendant The Missouri Gaming Company, LCC in such amounts that are deemed fair and reasonable;

11

(g)     order Defendant The Missouri Gaming Company, LCC compensate Ms. Huff for the damage to her professional stature and reputation resulting from Defendant The Missouri Gaming Company, LCC's unlawful employment practices;

(h)     allow Ms. Huff her costs herein, including reasonable attorneys' fees; and,

(i)     grant such additional affirmative relief as this Court deems just and proper.

## COUNT III
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Race Discrimination under Title VII of the Civil Rights Act of 1964, as Amended 42 U.S.C. § 2000(e), et seq.**

Ms. Huff for Count III of her Complaint against The Missouri Gaming Company, LLC for a Race Discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §2000(e), et seq., ("Title VII") states as follows:

76.     Ms. Huff hereby reiterates and incorporates by reference, as if fully set forth in this Count I, each allegation contained in paragraphs 1 through 75 hereof.

77.     Ms. Huff is an African American and thus within a class of persons covered by and protected by Title VII.

78.     Defendant Argosy Casino is an employer under the ADA.

79.     Defendant Argosy Casino has over 500 employees.

80.     Ms. Huff was subjected to a work environment which was permeated by racially insensitive statements and comments, including the following:

(a)     an employee stated that he enjoyed "eating cotton picker sandwiches."

(b)     an employee stated that Ms. Huff "was only promoted due to affirmative action."; and,

12

(c)     an employee referred to African American employees as "colored people."

81.     Ms. Huff reported the above statements and comments to Defendant Argosy Casino.

82.     Despite being aware of the above, Defendant Argosy Casino failed to take any action to cause the racially hostile work environment to cease to exist.

83.     As a direct and proximate cause of Defendant Argosy Casino's actions, Ms. Huff has incurred and continues to incur mental and physical pain, anguish and distress.

84.     Ms. Huff's compensatory damages under Title VII are expected to exceed $75,000.00 plus mental anguish.

85.     Defendant Argosy Casino's actions were intentional and willful or were taken with conscious disregard to the rights of Ms. Huff and as such constitute willful violations of the ADA.

86.     Ms. Huff is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count III of her Complaint, Ms. Huff prays for judgment against Defendant The Missouri Gaming Company, LLC as follows:

(a)     that this Court adjudge and decree that Defendant The Missouri Gaming Company, LCC has discriminated against Ms. Huff due to her race;

(b)     award Ms. Huff compensatory damages up to $300,000 for the willful violations of Title VII;

(c)     award Ms. Huff damages for the mental anguish, pain and suffering incurred by her due to the actions of Defendant The Missouri Gaming Company, LCC in such amounts that are deemed fair and reasonable;

13

(d)      allow Ms. Huff her costs herein, including reasonable attorneys' fees; and,

(e)      grant such additional affirmative relief as this Court deems just and proper.

<u>**COUNT IV**</u>
**(Based upon information and belief, facts pled with particularity requiring
full and complete disclosure pursuant to FRCP 26)**

**Retaliation Race Discrimination under Title VII of the Civil Rights Act of 1964,
as Amended 42 U.S.C. § 2000(e), et seq.**

Ms. Huff for Count IV of her Complaint against The Missouri Gaming Company, LCC

for Retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000(e), et seq. states as follows:

87.      Ms. Huff hereby reiterates and incorporates by reference, as if fully set forth

in this Count I, each allegation contained in paragraphs 1 through 86 hereof.

88.      Ms. Huff is an African American and thus within a class of persons covered by

and protected by Title VII.

89.      Defendant Argosy Casino is an employer under the ADA.

90.      Defendant Argosy Casino has over 500 employees.

91.      Ms. Huff engaged in protected activity for herself and on behalf of a fellow

African American employee when she reported the following to her supervisor and the

Human Resources of Defendant Argosy Casino:

(a)      an employee stated that he enjoyed "eating cotton picker sandwiches."

(b)      an employee stated that Ms. Huff "was only promoted due to affirmative

action."; and,

(c)      an employee referred to African American employees as "colored people."

14

92.     Within two weeks of reporting the behavior, Ms. Huff was retaliated against in the terms and conditions of her employment by Defendant Argosy Casino in that she was subjected to an overtly hostile work environment and was terminated.

93.     The actions taken by Defendant Argosy Casino were based upon Ms. Huff requesting accommodations and engaging in the protected activity.

94.     The actions taken by Defendant Argosy Casino affected the terms, conditions and privileges of Ms. Huff's employment.

95.     Defendant Argosy Casino terminated Ms. Huff.

96.     As a direct and proximate cause of Defendant Argosy Casino's actions, Ms. Huff has incurred and continues to incur, the following damages:

        a.     lost wages and compensation including fringe benefits and retirement pay;

        b.     lost future wages and benefits;

        c.     mental and physical pain, anguish and distress; and

        d.     damage to Ms. Huff's professional stature and reputation.

97.     Ms. Huff's direct monetary damages and compensatory damages under Title VII are expected to exceed $75,000.00 plus mental anguish.

98.     Defendant Argosy Casino's actions were intentional and willful or were taken with conscious disregard to the rights of Ms. Huff and as such constitute willful violations of the Title VII.

99.     Ms. Huff is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count IV of her Complaint, Ms. Huff prays for judgment against Defendant The Missouri Gaming Company, LCC as follows:

(a)     that this Court adjudge and decree that Defendant The Missouri Gaming Company, LCC has retaliated against Ms. Huff by subjecting her to a hostile work environment and terminating her in violation of Title VII;

(b)     order Defendant The Missouri Gaming Company, LCC to make Ms. Huff whole for her loss of income she has suffered as a result of Defendant The Missouri Gaming Company, LCC's unlawful employment practice, including but not limited to, (i) wage increases that would have been paid to Ms. Huff; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. Huff been promoted and/or maintained her employment with Defendant The Missouri Gaming Company, LCC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c)     order Defendant The Missouri Gaming Company, LCC to reinstate Ms. Huff immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. Huff's employment tenure;

(d)     grant Ms. Huff a permanent injunction enjoining Defendant The Missouri Gaming Company, LCC from retaliating against her and from further violating Ms. Huff's rights;

(e)     award Ms. Huff compensatory damages up to $300,000 for the willful violations of the Title VII;

16

(f)     award Ms. Huff damages for the mental anguish, pain and suffering incurred by her due to the actions of Defendant The Missouri Gaming Company, LCC in such amounts that are deemed fair and reasonable;

(g)     order Defendant The Missouri Gaming Company, LCC compensate Ms. Huff for the damage to her professional stature and reputation resulting from Defendant The Missouri Gaming Company, LCC's unlawful employment practices;

(h)     allow Ms. Huff her costs herein, including reasonable attorneys' fees; and,

(i)     grant such additional affirmative relief as this Court deems just and proper.

## COUNT V
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Violation of the Missouri Whistleblower's Protection Act, Section 285.575 of the Revised Statutes of the State of Missouri**

Ms. Huff for Count V of her Complaint against The Missouri Gaming Company, LCC for Violating the Missouri Whistleblower's Protection Act, §285.575 RSMo. states as follows:

100.    Ms. Huff hereby reiterates and incorporates by reference, as if fully set forth in this Count I, each allegation contained in paragraphs 1 through 99 hereof.

101.    Ms. Huff was employed by Defendant Argosy Casino.

102.    Defendant Argosy Casino employs over six employees.

103.    Ms. Huff reported to her supervisor and the Human Resources Department of Defendant Argosy Casino that a Shift Manager was permitting underaged persons to be served and consume alcohol on casino property.

17

104.     Ms. Huff reported to her supervisor and the Human Resources Department of Defendant Argosy Casino that a Shift Manager was permitting persons over 21 to bring alcohol on Argosy Casino property.

105.     By here reporting, Ms. Huff was a protected person under §285.575.2(4) RSMo.

106.     After reporting, Ms. Huff was discharged.

107.     Ms. Huff's reporting of the State liquor law violations was the motivating factor in the decision to terminate Ms. Huff.

108.     As a direct and proximate cause of Defendant Argosy Casino's actions, Ms. Huff has incurred and continues to incur, the following damages:

        a.     lost wages and compensation including fringe benefits and retirement pay;

        b.     lost future wages and benefits;

        c.     mental and physical pain, anguish and distress; and

        d.     damage to Ms. Huff's professional stature and reputation.

109.     Ms. Huff's direct monetary damages and compensatory damages under Title VII are expected to exceed $75,000.00 plus mental anguish.

110.     Defendant Argosy Casino's actions were intentional and willful or were taken with conscious disregard to the rights of Ms. Huff and as such constitute willful violations of the Title VII.

111.     Ms. Huff is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count V of her Complaint, Ms. Huff prays for judgment against Defendant The Missouri Gaming Company, LCC as follows:

(a)    that this Court adjudge and decree that Defendant The Missouri Gaming Company, LCC has wrongfully discharged Ms. Huff;

(b)    order Defendant The Missouri Gaming Company, LCC to make Ms. Huff whole for her loss of income she has suffered as a result of Defendant The Missouri Gaming Company, LCC's wrongful discharge of her, including but not limited to, (i) wage increases that would have been paid to Ms. Huff; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. Huff been promoted and/or maintained her employment with Defendant The Missouri Gaming Company, LCC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c)    order Defendant The Missouri Gaming Company, LCC to reinstate Ms. Huff immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. Huff's employment tenure;

(d)    award Ms. Huff compensatory and punitive damages;

(f)    award Ms. Huff damages for the mental anguish, pain and suffering incurred by her due to the actions of Defendant The Missouri Gaming Company, LCC in such amounts that are deemed fair and reasonable;

(g)    order Defendant The Missouri Gaming Company, LCC compensate Ms. Huff for the damage to her professional stature and reputation resulting from Defendant The Missouri Gaming Company, LCC's unlawful employment practices;

19

(h)      allow Ms. Huff her costs herein, including reasonable attorneys' fees; and,

(i)       grant such additional affirmative relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Ms. Huff demands trial by jury on all issues in the complaint triable to a jury.

Respectfully submitted,

NASTEFF & QUINN, LLC

 /s/ R. Mark Nasteff, Jr.

| | |
|---|---|
| R. Mark Nasteff, Jr. | MO# 38015 |
| Amy D. Quinn | MO# 66166 |

Nasteff & Quinn, LLC
118 North Water Street
Liberty, Missouri 64068
Telephone Number: (816) 792-3529
Telecopier Number: (816) 781-9885
marknasteff@naqlaw.com
amyquinn@naqlaw.com

*Attorneys for Birdee Huff*

20